UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND,<br><br>8403 Arlington Boulevard, Suite 300<br>Fairfax, Virginia 22031<br><br> Plaintiff,<br><br>v.<br><br>THUR-CO, INC. D/B/A THURCO, INC., THUR CO, INC., THIRWALL'S SHEET & METAL CO., THIRLWALL'S SHEET METAL CO., THIRWALL SHEET METAL CO., AND THIRLWALL SHEET METAL CO.,<br><br>225 Industrial Drive<br>Brownsville, TX 78521<br><br> Defendant. | CIVIL ACTION NO. 1:20-cv-373<br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor<br>Attn: Assistant Solicitor<br> for Plan Benefits Security<br>200 Constitution Ave., N.W.<br>Washington, DC 20002**<br><br>**U.S. Department of Treasury<br>Attn: Secretary of the Treasury<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220** |

**COMPLAINT**

Plaintiff, the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF" or "Fund") hereby complains as follows:

**Introduction**

1. This is a civil action brought by an employee benefit plan/trust fund or joint labor management organization, and by the Trustees of the Fund, pursuant to Sections 502(a)(3), (d)(1), (g)(2), and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Fund seeks a monetary judgment against Defendant awarding delinquent exit contributions, accrued interest, liquidated

damages, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Document governing the Fund.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by Sections 502(e), and (f) ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(c), as the Plaintiff Fund is administered in this district with the principal place of business in Fairfax, Virginia.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

### Parties

5. Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §

186(c)(5). The Trustees of the NPF are duly authorized Trustees whose duty it is to administer the NPF for the benefit of the participants and beneficiaries of the NPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6. At all times relevant to this action, Defendant Thur-Co, Inc. doing business as Thurco, Inc., Thur Co, Inc., Thirwall's Sheet & Metal Co., Thirlwall's Sheet Metal Co., Thirwall Sheet Metal Co., and Thirlwall Sheet Metal Co. ("Thirlwall"), has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Thirwall has been incorporated in the state of Texas with a principal place of business at 225 Industrial Drive, Brownsville, TX 78521.

## Factual Background

7. Defendant previously employed employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union No. 67 ("Local 67" or the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

8. Defendant was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Union. Pursuant to the Agreement, Defendant was obligated to

submit monthly remittance reports and fringe benefit contributions to NPF for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 67.

9. Pursuant to the Agreement, Defendant is obligated to abide by the terms and conditions of the Trust Agreement establishing the Fund, including any amendments thereto and policies and procedures adopted by the Board of Trustees ("Trust Agreement").

10. Article V, Section 6(a) of the governing Trust Agreement provides that a participating employer is liable for an exit contribution to the NPF if it: (i) ceases to have an obligation to contribute to the NPF, and (ii) had an event of withdrawal under Title IV of ERISA as a result of the cessation of its obligation to contribute but was not required to pay withdrawal liability under Title IV of ERISA.

11. Article V, Section 6(b) of the governing Trust Agreement provides that "[b]y agreeing to contribute, continuing to contribute, or continuing to be obligated to contribute, to the Fund, each Employer agrees to pay an exit contribution in accordance with this Section 6. The Employer's obligation to pay an exit contribution under this Section 6 is independent of the Employer's collective bargaining agreement and continues to apply after the termination of the collective bargaining agreement (notwithstanding any language to the contrary in the collective bargaining agreement)."

12. The amount of an employer's exit contribution is equal to the amount of the employer's contributions due for the 36-month period preceding the month in which the employer ceased to have an obligation to contribute to the NPF.

13. Pursuant to Article V, Section 6(e), an exit contribution is required to be paid to the NPF no later than the 20th day of the month following the month in which the Fund assessed the exit contribution by sending written demand for the payment of the employer's exit contribution.

14. Pursuant to Article V, Section 6(g) of the Trust Agreement, an exit contribution is a type of contribution that an employer is obligated to pay under the Trust Agreement. As such, an employer's failure to make an exit contribution constitutes a delinquency and is treated in the same manner as any other delinquent contribution.

15. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Agreement, and Section 301 of the LMRA, 29 U.S.C. § 185, if Defendant fails to timely submit contribution payments, including an exit contribution, and the Fund files a lawsuit to recover the unpaid contributions, including an exit contribution, Defendant is required to pay the following amounts to the Fund:

  a. Interest on the delinquent contributions at a rate of 0.0233% per day, compounded daily;

  b. Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

  c. The attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

16. The NPF's records show that Thirlwall ceased to have an obligation to contribute to the NPF and had an event of withdrawal under Title IV of ERISA as a result of the cessation of its obligation to contribute as of February 1, 2015 but was not required to pay withdrawal liability under Title IV of ERISA. Therefore, Thirlwall owes an exit contribution pursuant to Article V, Section 6(a) of the governing Trust Agreement.

17. To date, Thirlwall has failed to pay the owed exit contribution and therefore owes interest and liquidated damages on the outstanding exit contribution.

## Count I
*Claim for exit contribution*

18.  Plaintiffs reallege and incorporate Paragraphs 1 through 18.

19.  This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

20.  Thirlwall is obligated under the terms of the CBA, Trust Agreement, and Section 515 of ERISA to pay an exit contribution as Thirlwall (i) ceased to have an obligation to contribute to the NPF, and (ii) had an event of withdrawal under Title IV of ERISA as a result of the cessation of its obligation to contribute, but was not required to pay withdrawal liability under Title IV of ERISA.

21.  Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, and Article V, Section 6 of the Trust Agreement, Thirlwall's obligation is independent of the CBA and continues to apply after the termination of its obligation to contribute notwithstanding any language to the contrary.

22.  As of February 1, 2015, Thirlwall ceased to have an obligation to contribute to the NPF and continued to perform work in the jurisdiction of the Agreement of the type for which contributions were previously required. This constituted a withdrawal under Title IV of ERISA, but Thirlwall was not required to pay withdrawal liability under ERISA's *de minimis* rule.

23.  The exit contribution is equal to the contributions due from Thirlwall for the 36-month period preceding the month in which it ceased to have an obligation to contribute to the NPF.

24.  As such, on March 9, 2017, via letter sent to Defendant, the NPF assessed an exit contribution against Thirlwall in the amount of $40,651.94.

25. To date, Thirlwall has failed to pay any portion of the exit contribution due to the Fund, despite its obligation to do so under the CBA, the Trust Agreement, and Section 515 of ERISA, 29 U.S.C. § 1145.

26. Pursuant to Article V, Section 6(g) of the Trust Agreement, an exit contribution is a type of contribution that an employer is obligated to pay under the Trust Agreement. As such, an employer's failure to make an exit contribution constitutes a delinquency and is treated in the same manner as any other delinquent contribution. Accordingly, Thirlwall owes interest on the unpaid exit contribution in the amount of $11,574.70 (through March 31, 2020) and liquidated damages in the amount of $11,574.70 (calculated as the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent exit contributions). While the exit contribution remains unpaid, interest continues to accrue on the delinquent exit contribution.

27. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Trust Agreement, Plaintiffs are entitled to recover all costs of this action from Thirlwall, including reasonable attorneys' fees and court costs.

28. Prior to commencing this lawsuit, the Fund sent letters and directly contacted Defendant to obtain the outstanding exit contribution. To date, Defendant has not made any arrangements to remit the outstanding exit contribution, and there is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligation to the Fund.

29. Thirlwall's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the NPF, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs request a judgment against Defendant for all amounts due to the Fund as follows:

1. Declare that Defendant is delinquent in remitting the owed exit contribution to the NPF pursuant to the CBA and Trust Agreement;

2. Award NPF a judgment for Defendant's delinquent exit contribution in the amount of $40,651.94;

3. Enter judgment against Defendant for interest on the exit contribution at a rate of 0.0233% per day, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $11,574.70;

4. Enter judgment against Defendant for liquidated damages in an amount equal to the greater of interest on the exit contribution calculated at the above rate, or 20% of the exit contribution in the amount of at least $11,574.70;

5. Enter judgment for all attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts as provided by Section 502(g) of ERISA; and

6. Award such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Diana M. Bardes
Diana M. Bardes
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile
dbardes@mooneygreen.com
Counsel for Plaintiff

Dated: April 6, 2020

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 6th day of April, 2020, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR EXIT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

                                                  ____/s/ Diana M. Bardes_____
                                                      Diana M. Bardes